## CROLIUS *a.* ROQUALINA.

*New York Common Pleas; General Term, May,* 1856.

MARRIED WOMEN.——RECOVERY BY HUSBAND.

The husband has a right to maintain an action for moneys due to the wife, unless it appears affirmatively, not merely that the moneys were those of the wife, but that they were held by her in the modes prescribed in the statutes of 1848 and 1849.

Appeal from a judgment of the Marine Court.

INGRAHAM, F. J.—The evidence on the part of the plaintiff was an admission by the defendant that he held between three and four hundred dollars of the money of Mina Sohn, and that she was the plaintiff's wife. On this evidence the justice dismissed the complaint, upon the ground that the action should have been in the name of the wife.

I am at a loss to see how the wife, if she had brought the action, could have recovered on such evidence.

A married woman can only hold, independent of her husband, under the statutes of 1848 and 1849, property devised or given to her or owned by her before her marriage. To enable her to recover such property, in addition to proof that it was hers, she would be required to show that it came within the provisions of the statute. It may be that the money in this case was the earnings of the wife during coverture, or was ob-

tained by her in some other way than is stated in the statute. Until it appears to have been part of her separate estate, the husband's claim to it is valid, and he has a right at any time to reduce it to possession.

Upon the evidence, the plaintiff was entitled to judgment. Judgment reversed.

---

## ROBINSON *a.* THE HUDSON RIVER RAILROAD COMPANY.

*New York Common Pleas; General Term, May,* 1856.

Appeal.—Settlement of Case.—Filing.

The neglect of an appellant who has regularly served notice of appeal, to procure his case to be filed within ten days after it has been settled, confers no right upon the respondent to have the appeal dismissed, but it finally disposes of the case or exceptions, and leaves the party to argue his appeal on the judgment record alone.

Of the effect of laches in making application for leave to settle a case after the expiration of the time allowed for so doing.

Appeal from an order denying a motion of appellant for leave to settle a case.

Brady, J.—The plaintiff had notice on June 24, 1854, that judgment had been entered against him, and no appeal was taken within the time limited by statute. The stay given by defendant's attorney was not a perpetual stay, and expired when the case was finally disposed of. The amendments were served on February 4, 1853, and the notice of settlement served on February 11, 1853. The amendments, by Rule 16 of the Supreme Court, were agreed to, the notice of settlement not having been served within four days after the service of amendments. (*Rule* 15.) Notice of settlement was therefore unnecessary, the case having been settled by operation of the rule just referred to. Rule 17 requires the party making the case to procure the same to be filed within ten days after it shall be settled. and although where a party has *regularly ser-*